UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



VALETON PRATT, SR., #1005308,

Petitioner,

v.                                          ACTION NO. 2:10cv599

HAROLD W. CLARKE, Director,
Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Valeton Pratt, Sr. ("Pratt"), was convicted in the Circuit Court of Mecklenburg County of five (5) counts of

distribution of cocaine as a third offense. Pratt was sentenced to serve fifty (50) years of imprisonment, with twenty-five (25) years suspended, for an active sentence of twenty-five (25) years in prison. The final order for his convictions was entered on September 18, 2007.

Pratt filed an appeal with the Court of Appeals of Virginia. In an order dated July 14, 2008, Pratt's appeal was denied and Pratt's challenge to the sufficiency of the evidence was found meritless. Pratt's petition for appeal to the Supreme Court of Virginia was refused on February 5, 2009.

Pratt filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on January 19, 2010, alleging, among other things, ineffective assistance of counsel for counsel's failure to object to the admission of the certificate of analysis of the cocaine. The Supreme Court of Virginia dismissed the petition on August 27, 2010. A petition for rehearing was summarily denied on November 15, 2010.

On November 15, 2010, while in the custody of the Virginia Department of Corrections at the Lawrenceville Correctional Center, Pratt mailed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court conditionally filed this petition on December 7, 2010. Id. On February 3, 2011, the Court ordered that Pratt's petition be

filed. (ECF No. 5.) On February 24, 2011, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Roseboro Notice. (ECF Nos. 6-9.) On April 1, 2011, Pratt filed a Motion in Opposition to Respondent's Motion to Dismiss. (ECF No. 14.)

### B. Grounds Alleged

Pratt asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons[1]:

(1) Ineffective assistance of counsel, based on counsel's failure to object to the introduction of the certificate of analysis at trial;

(2) Ineffective assistance of counsel, based on counsel's failure to subpoena the laboratory analyst who prepared the certificate of analysis pursuant to Va. Code § 19.2-187.1.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that both of Petitioner's claims are exhausted, but that Claim 2 is procedurally defaulted and should be DISMISSED WITH PREJUDICE. Upon review of the merits, the Court RECOMMENDS that Claim 1 be DENIED and DISMISSED WITH PREJUDICE.

---

[1] Under the heading of Claim 1 in his Motion in Opposition to Respondent's Motion to Dismiss, Pratt brings new allegations of error by the Commonwealth for failure to show a good faith effort to bring forth the laboratory analyst who prepared the certificate of analysis at trial. (ECF No. 14 at 2.) Because Pratt did not allege this error in his federal habeas petition, this Court cannot consider this claim. Yousefi v. I.N.S., 260 F.3d 318, 326 (4th Cir. 2001).

3

## A. Exhaustion

In order for the Court to address the merits of Pratt's claims, the claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In this case, therefore, the exhaustion requirement for a claim is satisfied if Pratt advanced that claim to the Supreme Court of Virginia, either on appeal of his conviction or on appeal of his habeas petition.

When Pratt filed his habeas petition in the Supreme Court of Virginia, he advanced a claim of ineffective assistance of counsel based on counsel's failure to object to the admission of the certificate of analysis which was identical to Claim 1 in the instant petition. Accordingly, this Court FINDS that Claim 1 is exhausted.

In contrast, Claim 2, alleging ineffective assistance of counsel based on counsel's failure to subpoena the laboratory

4

analyst who prepared the certificate of analysis was not fairly presented to the Virginia Supreme Court by Pratt's state habeas petition. Rather, Pratt first presented this claim in a Petition for Rehearing with the Virginia Supreme Court. This Petition for Rehearing presented different grounds for habeas relief than were contained in Pratt's state habeas petition and so were not evaluated by the Virginia Supreme Court in its prior dismissal on the merits. The Fourth Circuit has specifically stated that a petitioner does not exhaust an issue that is only raised in a petition for rehearing.

> Raising a claim in a petition for rehearing does not fairly present the claim to the state's highest court. See Lewis v. Sternes, 390 F.3d 1019, 1031 (7th Cir. 2004) (noting that a petitioner "does not fully and fairly present a federal claim to the state courts when he raises that claim for the first time in a petition for rehearing before the state appellate court or in a petition asking the state supreme court to grant him leave to appeal"); Cruz v. Warden of Dwight Corr. Ctr., 907 F.2d 665, 669 (7th Cir. 1990) (noting that raising a claim in a petition for rehearing to a state appellate court does not constitute fair presentment).

Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006).

Although Pratt's state habeas petition alleged ineffective assistance of counsel for counsel's failure to object to the certificate of analysis, he did not allege counsel's failure to subpoena the analyst who prepared the certificate. (ECF No. 8 at

5

50-51.) Thus, the basis of Claim 2 was never fairly presented to the Virginia Supreme Court. A petitioner fails to exhaust an ineffective assistance of counsel claim when he alleges a different basis from that which was raised in state court. See Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999) (finding ineffective assistance claim was not exhausted when basis of federal petition claim was not presented to the state court); Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1998) (same); Lanigan v. Maloney, 853 F.2d 40, 45 (1st Cir. 1988) (same). Although the Court construes pro se petitions liberally, see Cruz v. Beto, 405 U.S. 319 (1972), this practice cannot be extended to the degree necessary to capture Pratt's present claim as within the scope of those properly exhausted on the merits before the state court. The Court notes that Pratt's state court petition was also filed pro se and described, in full detail and with supporting case law, the basis for his original claims. Further, finding Pratt's present claim as consistent with his state court petition would violate the rationale underlying the exhaustion requirement. Mallory v. Smith, 27 F.3d 991, 996 (4th Cir. 1994)("It also signals litigants that they may ignore state procedures and still expect the federal courts to hear claims that state courts would have had to stitch together from stray references in order to review.")

6

However, if Pratt were to return to state court and present this claim in a second petition for writ of habeas corpus to the Supreme Court of Virginia, his petition would not be timely filed, and the matter would be dismissed pursuant to Virginia Code § 8.01-654(A)(2). Under this section, a petition for habeas corpus must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." The later of these alternatives for Pratt is February 5, 2010, one (1) year after the Virginia Supreme Court denied his petition for appeal. This deadline has long expired. In addition, Pratt would also be barred by Virginia Code § 8.01-654(B)(2), which prohibits a successive petition alleging facts "which petitioner had knowledge at the time of filing any previous petition." Therefore, Pratt would be procedurally barred from seeking relief from the state court, and thus, for the purposes of this petition, Claim 2 is technically exhausted.

### B. Procedural Default

Although both of Pratt's claims are technically exhausted, Claim 2 is also procedurally defaulted and barred from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest

7

state court nevertheless may be treated as exhausted[, and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court.").

Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that is "clearly and expressly defaulted under an independent and adequate state procedural rule" unless the prisoner can demonstrate "cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice." Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims. Weeks, 176 F.3d at 273; Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). As noted above, if Pratt were now to raise Claim 2 in the Virginia Supreme Court, it would be barred as untimely under Virginia Code § 8.01-654(A)(2).

In his Motion in Opposition to Respondent's Motion to Dismiss, Pratt argues that he should be allowed to proceed with Claim 2 without properly exhausting his state remedies. (ECF No. 14 at 4-5.) Pratt correctly cites 28 U.S.C. 2254(b) for the proposition that federal courts may hear unexhausted habeas

8

claims where there are no available state corrective processes or such state process is ineffective to protect the prisoner's rights. Id. at 4. Pratt then argues that because the Supreme Court of Virginia has original jurisdiction over habeas petitions and Rule 5:20(b) allows a rehearing process from such petitions, his request for rehearing and the Virginia Supreme Court's subsequent denial essentially functions as a complete round of Virginia's appellate review process. Id. Pratt further argues that because the Virginia Supreme Court's order denying his request for rehearing did not specify which claims it had addressed, the order essentially acted as a ruling on the petition as a whole. Id. at 5. This argument, however, is a plain misstatement of the law as defined by the Fourth Circuit, which has expressly ruled that a claim brought only in a petition for rehearing does not exhaust state remedies. Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006).

Based on the foregoing, the Court FINDS that Pratt's claims are exhausted, but the Court further FINDS that Claim 2 is procedurally defaulted under Virginia law, and therefore barred from this Court's review.

### C. Limited Exceptions to Procedural Default

Although Claim 2 is procedurally defaulted, Pratt may still obtain review of this claim if he can establish either: (1) cause

9

for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claim will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Pratt fails to allege any cause for failing to bring this claim in his state habeas petition. Pratt does not argue that the factual or legal basis for the claim was not available when he filed his state habeas petition. Id. at 5. Additionally, Pratt's

10

ineffective assistance of counsel claims pertain to the performance of his trial counsel, and do not suggest that there was any impediment to Pratt's ability to comply with the state's procedural rules during his post-conviction proceedings. Strickler, 527 U.S. at 283 n.24; Wright, 151 F.3d at 160 n.5; Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995) ("[I]neffective assistance of trial counsel does not excuse [Petitioner's] own failure to raise all of his claims in a petition for post-conviction relief."). Therefore, Pratt cannot prove cause and prejudice; accordingly, Claim 2 remains procedurally defaulted.

Consequently, Pratt has failed to establish the requisite cause for his failure to comply with the applicable state procedural rules in order for this Court to review Claim 2 on the merits.[2] Further, Pratt does not make any argument for or provide

---

[2] Insofar as Pratt has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claim. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also

any evidence to support the miscarriage of justice exception. Accordingly, the Court FINDS that Pratt has not established that he is entitled to review of Claim 2 and it remains procedurally defaulted.

## D. **Merits**

The Court now considers Claim 1 on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d). This statute requires "'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389. In deference to the

---

Pope v. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).

12

state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

### 1. Ineffective Assistance of Counsel

Pratt alleges ineffective assistance of counsel for counsel's failure to object to the admission of the certificate of analysis. Pratt must prove that counsel's assistance was "so defective as to require reversal of a conviction" and, to do so, petitioner must "show that counsel's performance was deficient" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). In short, Pratt must prove both ineffective assistance and prejudice resulting from that ineffectiveness. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). When assessing counsel's performance to determine whether it was ineffective, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 694. Therefore, in order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

Id. at 695 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Id. at 697. The court need not even "address both [prongs] if the [petitioner] makes an insufficient showing on one." Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. Id.

The Supreme Court of Virginia found Pratt's claim of ineffective assistance of counsel based on counsel's failure to object to the admission of the certificate of analysis satisfied neither prong of the Strickland test. Order, Record No. 100256 (Sup. Ct. Va. Aug. 27, 2010). The Virginia Supreme Court found that in September of 2007, when Pratt was convicted, the certificate of analysis was not considered testimonial evidence. Id. (citing Magruder v. Commonwealth, 275 Va. 283, 657 S.E.2d 113 (2008), vacated sub nominee Briscoe v. Virginia, 559 U.S._, 130 S.Ct. 1316 (2010); Melendez-Diaz v. Massachusetts, 557 U.S._, 129 S. Ct. 2527 (2009)). As non-testimonial evidence, the certificate's introduction was not dependent on production of the analyst or waiver by the defendant. Id. The Virginia Supreme Court then concluded that counsel's performance had not been

defective for failing to anticipate the change in the law that later made such certificates testimonial. Id.

This Court agrees that Pratt has failed to meet the Strickland standard. Any objection to the introduction of the certificate of analysis on the grounds that it constituted testimonial evidence would have been futile at the time of Pratt's trial. The Fourth Circuit has explicitly held that counsel's performance is not ineffective for following a "long-standing and well-settled" law, even when that law is under attack in the United States Supreme Court at the time of trial. Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). In Virginia, certificates of analysis had been consistently treated as non-testimonial evidence. See Magruder, 275 Va. at 295-96; see also Va. Code 19.2-187.01 (2005) (amended 2011). Counsel was thus relying on settled state law when he failed to object to the introduction of the certificate of analysis at trial and, therefore, was not deficient in his performance. As Respondent has asserted, counsel's failure to anticipate a new rule of law does not render him ineffective. United States v. Brown, 546 F. Supp. 2d 312, 314 (E.D. Va. 2008) (quoting Lenz v. Washington, 444 F.3d 295, 307 (4th Cir. 2006) (quoting Kornahrens, 66 F.3d at 1360)). The Virginia Supreme Court's rejection of this claim was not an unreasonable application of Strickland and was not based

15

upon an unreasonable determination of facts in light of the state court record. Accordingly, the Court RECOMMENDS that Claim 1 be DENIED and DISMISSED WITH PREJUDICE.

### III. RECOMMENDATION

For the foregoing reasons, having found that Claim 1 is meritless and Claim 2 is procedurally defaulted, the Court RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Petitioner's claims be DISMISSED WITH PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule

16

6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

June 1, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Valeton Pratt, Sr., #1005308
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, Virginia 23868
PRO SE

Eugene Murphy, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: /s/ R. D. Lambert

Deputy Clerk

June / , 2011