**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
JUL 27 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

VALETON PRATT, SR.,

    Petitioner,

v.                                                  Case No.: 2:10cv599

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of Mecklenburg County, Virginia, of five (5) counts of distribution of cocaine as a third offense. Petitioner was sentenced to serve fifty (50) years of imprisonment, with twenty-five (25) years suspended, for an active sentence of twenty-five (25) years.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on June 1, 2011, recommending

that the petition be denied and petitioner's claims be dismissed with prejudice. (ECF No. 15.) By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On June 16, 2011, the Court received and filed the petitioner's written objections. (ECF No. 16.) The respondent filed no response to the petitioner's objections.

The magistrate judge recommended that the petitioner's first claim be denied and dismissed as meritless and that the second claim should be dismissed as procedurally defaulted.[1] The petitioner explicitly waives any objection to the magistrate judge's recommendation as to claim one. (ECF No. 16, at 1.) However, petitioner objects to the magistrate judge's finding that petitioner failed to exhaust claim two when he raised the claim for the first time in a petition for rehearing before the Virginia Supreme Court after that court had denied and dismissed petitioner's state habeas petition.

Petitioner argues that the magistrate judge's reliance on the Fourth Circuit's opinion in Hendrick v. True, 443 F.3d 342

---

[1] The first claim alleges ineffective assistance of counsel due to counsel's failure to object to the admission of a certificate of analysis at trial while the second claim alleges ineffective assistance of counsel due to counsel's failure to subpoena the laboratory analyst who prepared the certificate of analysis.

2

(4th Cir. 2006) is misplaced. Petitioner reasons that because the Supreme Court of Virginia had original jurisdiction over his state habeas petition filed in that court it was proper for him to raise a new claim in his petition for rehearing for a decision by the Virginia Supreme Court on the merits. Petitioner argues that the Virginia Supreme Court's order summarily denying his petition for rehearing should be construed as an adjudication of this new claim on the merits.

The Fourth Circuit rejected petitioner's line of reasoning in its decision in <u>Hendrick</u>. In that case, the petitioner filed a habeas petition with the Virginia Supreme Court pursuant to that court's original jurisdiction. The petitioner attempted to raise a new claim in a petition for rehearing based on a decision handed down by the United States Supreme Court while the Virginia Supreme Court was considering the petition. The Fourth Circuit held that the petitioner could have moved to amend his petition and rejected the petitioner's argument that the petition for rehearing fairly presented the claim to the Virginia Supreme Court. <u>Id.</u> at 364-65 & n.1.

The rationale utilized by the Fourth Circuit in <u>Hendrick</u> is entirely relevant here. Petitioner could have moved to amend his petition to add the second claim to his petition before the Virginia Supreme Court and failed to do so. Petitioner cannot

3

utilize his petition for rehearing in a manner that "would allow [petitioner] to make an end run around state court review of his . . . claim." <u>Id.</u> at 365. Therefore, petitioner's objection to the magistrate judge's finding that petitioner's second claim is procedurally defaulted is OVERRULED.

Petitioner also objects to the magistrate judge's finding that the petitioner did not provide any basis for this Court to rule on petitioner's claim despite the fact the claim is procedurally defaulted in order to avoid a miscarriage of justice. A claim of actual innocence may excuse procedural default if the petitioner "show[s] that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 324, 327. For example, actual innocence may be demonstrated by the credible confession of another person, <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340 (1992), "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," <u>Schlup</u>, 513 U.S. at 324.

The entirety of Petitioner's claim that he is actually innocent is directly related to the substance of his claims for relief in his habeas petition. Petitioner "questions" the reliability of the certificate of analysis and the qualifications of the lab analyst who prepared it. However, petitioner does not provide the Court with any evidence which was not previously available and is sufficiently reliable to demonstrate petitioner's actual innocence. Therefore, petitioner's objections to the magistrate judge's finding that petitioner is not entitled to an exception to the procedural default rule to prevent a miscarriage of justice is OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 1, 2011, (ECF No. 15), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's Motion to Dismiss, (ECF No. 7), be GRANTED. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse,

600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 27, 2011